(No. 2956—▮▮▮▮▮▮▮)

JANE B. SHUFFLETON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

In March, 1936 one Margaret Bayne, who was then a prisoner at the Illinois State Penitentiary at Joliet was paroled to the claimant Jane B. Shuffleton. On May 18th, 1936 said Margaret Bayne, while working in the home of the claimant, was severely burned while making a fire in a hot water heater, and it became necessary to take her to a hospital for treatment. She remained in the hospital about six weeks, and during that time claimant expended the sum of $799.21 for necessary medical attention, hospitalization and nurses' fees, and asks for an award in that amount.

The Attorney General contends that there is no liability on the part of the State under the facts set forth in the complaint, and has moved to dismiss the claim.

We have repeatedly held that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable. *Crabtree* vs. *State*, 7

C. C. R. 207; *Kramer* vs. *State*, 8 C. C. R. 31; *Shumway* vs. *State*, 8 C. C. R. 43; *Titone* vs. *State*, decided at the January, 1937 term of this court.

Our attention has not been called to any statute which makes the State liable for medical, surgical, hospital or nursing services for the inmate of any State penal institution while on parole. On the contrary, Section Seven (7) of the Parole Act of this State—Illinois State Bar Association Statutes, 1935, Chapter 38, Paragraph 801—indicates a legislative intention that prisoners while on parole should not be an expense to the State. Said Section Seven (7) provides in part as follows:

"No prisoner or ward shall be released from either the penitentiary or reformatory for women or such other institution herein in this Act mentioned until the Department of Public Welfare shall have made arrangements or shall have satisfactory evidence that arrangements have been made for his or her honorable and useful employment while upon parole in some suitable occupation and also for a proper and suitable home free from criminal influences and without expense to the State."

Even if Margaret Bayne had been injured while still an inmate of the penitentiary, she would not have been entitled to recover damages from the State for such injuries, under the repeated decisions of this court. *Burghardt* vs. *State*, 5 C. C. R. 221; *Pelka* vs. *State*, 6 C. C. R. 390; *Sturrock* vs. *State*, 7 C. C. R. 157; *Parks* vs. *State*, 8 C. C. R. 535; *Shilkitis* vs. *State*, No. 2355, decided at the January term, 1937.

Under the facts set forth in the complaint, we have no authority to allow an award, and the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.